IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TEENA DIXON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4235-L** |
| | § | |
| **THE BANK OF NEW YORK MELLON,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant The Bank of New York Mellon's Motion to Dismiss and, In the Alternative, Motion for Judgment on the Pleadings (Doc. 4), filed on October 28, 2013. Plaintiff has not filed a response to the motion. After carefully reviewing the motion, supporting brief, pleadings, record, and applicable law, the court **grants** The Bank of New York Mellon's Motion to Dismiss and, In the Alternative, Motion for Judgment on the Pleadings (Doc. 4).

### I.    Background

This mortgage foreclosure case was originally filed by Plaintiff Teena Dixon ("Plaintiff") against Defendant The Bank of New York Mellon ("Defendant") in the 298th Judicial District Court of Dallas County, Texas, on April 25, 2013. In her Original Petition (the "Petition"), Plaintiff contends that she has no recollection of having received a notice 30 days prior to receipt of a Notice of Sale and there is no documentary evidence that Defendant posted and filed the notice 21 days before the sale. Doc. 1-3 at 3-4. She asserts claims for (1) violations of the Texas Deceptive Trade Practices Act ("DTPA"); (2) violations of the Texas Theft Liability Act ("TTLA"); (3) common law fraud; and (4) breach of contract; and seeks a declaratory judgment that Defendant could not convey

or receive title or any interest in the property, or complete a valid purchase for the property.  *Id.* at

5-10.  The action was removed to federal court on October 21, 2013.  Doc. 1.  On October 28, 2013,

Defendant filed its Rule 12(b)(6) motion, to which Plaintiff has failed to respond.  Docs. 4, 7, 8.

## II.      Legal Standard

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle,* 517

F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir.

2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)

(internal citations omitted).  While a complaint need not contain detailed factual allegations, it must

set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do[.]"  *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a

complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (quotation marks,

citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer

more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled

to relief.  *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the

complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm*

*Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint and not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.,* 699 F.3d 812, 820 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to

determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.,* 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.,* 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds,* 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Mann*, 556 F.2d at 293.

### III.    Analysis

#### A.    Deceptive Trade Practices Act

In the Petition, Plaintiff contends that Defendant violated the DTPA by "filing the fraudulent Trustee's Deed with knowledge that the Notice of Sale had not been recorded as required by the terms of the Deed of Trust[.]" Doc. 1-3 at 5. In the motion to dismiss, Defendant argues that Plaintiff has failed to state a claim for relief under the DTPA because Defendant complied with the notice requirements of the Texas Property Code and the Deed of Trust, and because Plaintiff is not a consumer and therefore lacks the requisite standing to bring an action under the DTPA. Doc. 5 at 17-18. The court agrees that Plaintiff has failed to state a viable claim for relief under the DTPA.

To proceed under the DTPA, a plaintiff must plead sufficient facts to establish standing to bring suit as a consumer. *Biggers v. BAC Home Loans Servicing, LP,* 767 F. Supp. 2d 725, 733 (N.D. Tex. 2011). To qualify as a consumer under the DTPA, (1) the plaintiff must have sought or acquired goods or services by purchase or lease, and (2) the goods or services purchased or leased must form the basis of the complaint. Tex. Bus. & Com. Code § 17.45(4); *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 539 (Tex. 1981). Whether a person qualifies as a consumer under the DTPA is a question of law for the court to decide. *Olufemi-Jones v. Bank of America, N.A.,* No.

3:12-CV-3428-L, 2013 WL 1482544, at *2 (N.D. Tex. Apr. 10, 2013) (citing *Bohls v. Oakes,* 75 S.W.3d 473, 479 (Tex. App.—San Antonio 2002, pet. denied)).  A person who seeks only to borrow money is not a consumer under the DTPA because lending of money, without more, does not involve a good or a service.  *See La Sara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558, 566 (Tex. 1984); *see also Federal Deposit Ins. Corp. v. Munn,* 804 F.2d 860, 863 (5th Cir. 1986) (summarizing Texas law as holding that "goods" and "services" do not include intangible chattel such as stocks, money, or loans).  Likewise, the servicing of an existing loan and the request to modify an existing loan do not involve a good or service.  *Olufemi-Jones*, 2013 WL 1482544, at *2 (citing *Ayers v. Aurora Loan Servs., LLC,* 787 F. Supp. 2d 451, 455 (E.D. Tex. 2011)); *Maginn v. Norwest Mortg. Inc.,* 919 S.W.2d 164, 167 (Tex. App.—Austin 1996, no pet.) (finding loan servicing to be an ancillary service not contemplated by the DTPA); *Porter v. Countrywide Home Loans, Inc.,* No. V-7075, 2008 WL 2944670, at *3 (S.D. Tex. July 24, 2008) ("A borrower whose sole objective is a loan does not become a consumer merely because the lender provides services incidental to the loan that are not independent objectives of the transaction.").

Here, the basis of Plaintiff's alleged DTPA claim concerns the loan and Defendant's allegedly improper foreclosure under the Deed of Trust.  Plaintiff alleges no complaint about the home or real property itself.  Accordingly, Plaintiff does not qualify as a consumer, and her DTPA claim fails as a matter of law.  *See Walker v. Federal Deposit Ins. Corp.,* 970 F.2d 114, 123 (5th Cir. 1992) (To establish status as a "consumer" under the DTPA, it is not enough that a plaintiff seek to acquire goods or services with a loan; the goods or services sought must also form the basis of the plaintiff's DTPA complaint.); *see also Olufemi-Jones*, 2013 WL 1482544, at *2.

B.        **Theft Liability Act**

Plaintiff contends that Defendant violated the TTLA by unlawfully appropriating her home, without consent, with the intent to deprive her of the property.  Doc. 1-3 at 7 & 8.  In the motion to dismiss, Defendant argues that Plaintiff has failed to state a claim for relief under the TTLA because Plaintiff is still in possession of the property and Plaintiff provided express written consent to initiate foreclosure proceedings in the case of default.  Doc. 5 at 15-16.

The elements of a cause of action under the TTLA are: (1) the plaintiff had a possessory right to property or was the provider of services; (2) the defendant unlawfully appropriated property or unlawfully obtained services in violation of certain sections of the Texas Penal Code; and (3) the plaintiff sustained damages as a result of the theft.  Tex. Civ. Prac. & Rem. Code §§ 134.002(2), 134.003; Tex. Penal Code § 31.03(a).  "Appropriation of property is unlawful if it is without the owner's effective consent."  *Id.* § 31.01(b)(1).

This case is remarkably similar to *Smith v. Fifth Third Mortgage Co.,* No. 3:12-CV-1433-O; and *Montgomery v. Wells Fargo Bank, N.A.,* No. 3:10-CV-1684-D, 2011 WL 1375199, at *5 (N.D. Tex. Apr. 12, 2011), *aff'd*, 459 F. App'x 424 (5th Cir. 2012), both prosecuted by the same counsel representing Plaintiff in this lawsuit.  In *Smith*, United States District Judge Reed O'Connor granted the defendants' motion to dismiss an identical TTLA claim.  *See Smith*, No. 3:12-CV-1433-O, Doc. 1-1 at 11-13 & Doc. 12 at 9-10.  In *Montgomery*, Chief United States District Judge Sidney A. Fitzwater granted the defendants' motion for summary judgment and dismissed the plaintiff's identical TTLA claim.  *Montgomery*, 2011 WL 1375199, at *5.  The Deed of Trust in *Montgomery* provided: "if the default is not cured . . . Lender at its option may . . . invoke the power of sale and any other remedies permitted by Applicable Law."  *Montgomery*, 2011 WL 1375199, at *5.  In the

present case, Paragraph 22 of Plaintiff's Deed of Trust, attached to the Petition, contains the same language as does the Deed of Trust in *Montgomery*. Doc. 1-3 at 27.

> Construing this language, Chief Judge Fitzwater explained:

> The Deed of Trust indubitably establishes that Montgomery consented to foreclosure as a remedy in the event he defaulted on the loan. It specifies that, "if the default is not cured . . . Lender at its option may . . . invoke the power of sale and any other remedies permitted by Applicable Law." A reasonable jury could not find, nor has Montgomery presented evidence indicating, that Wells Fargo lacked the authority under the Deed of Trust to invoke the power of sale. Defendants are entitled to summary judgment dismissing Montgomery's TTLA claim.

*Montgomery*, 2011 WL 1375199, at \*5 (citations omitted). The Fifth Circuit, in affirming *Montgomery*, held that "[the plaintiff]'s civil theft claim cannot stand because the Deed of Trust establishes that [the plaintiff] consented to foreclosure as a remedy in the event of a default." *Montgomery v. Wells Fargo Bank, N.A.,* 459 F. App'x 424, 428 n.1 (5th Cir. 2012).

Construing a nearly-identical Deed provision in *Smith*, Judge O'Connor dismissed the plaintiff's TTLA claim, explaining that "[t]his language establishes that Plaintiff consented to foreclosure as a remedy in the event that she defaulted on her mortgage obligations. . . . The Court finds that it is not plausible that Plaintiff will prevail on her TTLA claim because Plaintiff consented to the foreclosure sale under these circumstances in . . . the Deed of Trust." *Smith*, No. 3:12-CV-1433-O, Doc. 12 at 10. Here, too, the court finds that Plaintiff has consented to foreclosure in the case of default. She does not dispute that she defaulted on the loan. Doc. 1-3. Her contentions under the TTLA accordingly fail to state a claim upon which relief can be granted.

### C. Common Law Fraud

Plaintiff's fraud claim is based on her contention that Defendant intentionally misrepresented that it provided Plaintiff with a notice of default and notice of sale and performed other prerequisites

for foreclosure.  Doc. 1-3 at 7-8.  Plaintiff contends that such representation was material and resulted in the sale of the property and caused Plaintiff to retain counsel to protect her interests.  *Id.* Plaintiff also contends that Defendant

> (1) failed to disclose a material fact within their knowledge; (2) knowing that [Plaintiff] would be ignorant of the fact and that [Plaintiff] would not have an equal opportunity to discover the truth; (3) [Defendant] intended to induce [Plaintiff] to relinquish her claim on the property by their failure to disclose the fact that they did not properly declare an incident of default as required under the terms of the deed of trust; and [Plaintiff] has suffered pecuniary losses and mental anguish as a result of acting without knowledge of the undisclosed fact.

*Id.* at 8.

Defendant moved to dismiss Plaintiff's fraud claim on the grounds that she has not pled facts to satisfy the elements of common law fraud and Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements and that the fraud claim is barred by the economic loss rule.  Doc. 5 at 12-15. The court agrees.

Under Texas law, a fraud cause of action requires "a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.,* 960 S.W.2d 41, 47 (Tex. 1998) (quoting *Sears, Roebuck & Co. v. Meadows,* 877 S.W.2d 281, 282 (Tex. 1994)).  Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "Pleading fraud with particularity in [the Fifth Circuit] requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams v. WMX Techs.,*

*Inc.,* 112 F.3d 175, 177 (5th Cir. 1997) (quoting *Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1068 (5th Cir. 1994)).

The Petition fails to describe the specific statements that Plaintiff contends were fraudulent, the identity of the person making the misrepresentations, or the time and place of the allegedly false representations.  The Petition does not include any particular facts that would support a finding of fraudulent intent; it merely states in a conclusory fashion that Defendant's misrepresentations were willful and intentional.  Accordingly, the court finds that Plaintiff has failed to meet the heightened pleading requirements for fraud causes of action imposed by Rule 9 of the Federal Rules of Civil Procedure.

In any event, the court agrees with Defendant that Plaintiff's fraud claim is barred by the economic loss rule.  Under Texas law, the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract."  *Lamar Homes, Inc. v. Mid Continent Cas. Co.,* 242 S.W.3d 1, 12 (Tex. 2007).  Thus, tort damages are generally not recoverable if a defendant's conduct "would give rise to liability only because it breaches the parties' agreement."  *Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494 (Tex. 1991). Tort damages are recoverable, however, if a defendant's conduct "would give rise to liability independent of the fact that a contract exists between the parties[.]"  *Id.*  In *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617 (Tex. 1986), the Texas Supreme Court explained: "The nature of the injury most often determines which duty or duties are breached.  When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone."  *Id.* at 618; *see also DeLanney,* 809 S.W.2d at 494 ("When the only loss or damage is to the subject of the contract, the plaintiff's action is ordinarily on the contract.").  Here, Plaintiff's allegations of loss pursuant

to her fraud claim are directly related to the Loan and arise solely from her contractual relationship with Defendant under the Loan and Deed of Trust.  She essentially contends that Defendant's breached the contract and then fraudulently misrepresented that they had not done so.  Therefore, the economic loss rule precludes Plaintiff's fraud claim because she has not shown that she has suffered any loss independent of the mortgage loan contract.  Accordingly, Plaintiff has failed to state a claim for fraud as a matter of law, and the court will dismiss this claim.

### D.      Breach of Contract

In the Petition, Plaintiff contends that Defendant breached paragraphs 18 and 22 of the Deed of Trust and Texas Property Code Section 51.002(b)(2), because she has "no recollection of receiving a Notice 30 days prior to the October 4, 2011 letter from the Lender as required by" the Deed; there "is no documentary evidence establishing that Lender posted the notice 21 days before the sale"; and there "is no evidence that the Notice of Foreclosure Sale was recorded in the office of the county clerk."  Doc. 1-3 at 4 & 9-10.  Under Paragraph 18 of the Deed of Trust, Defendant, as the lender, is required to give Plaintiff notice of any acceleration and planned transfer of the property.  Doc. 1-3 at 25.  "The notice shall provide a period of not less than 30 days from the date the notice is given . . . within which Borrower must pay all sums secured by" the Deed.  *Id.*  Paragraph 22 also requires that notice be provided prior to acceleration.  *Id.* at 27.  That provision states:

> The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property.

* * *

**Memorandum Opinion and Order – Page 10**

If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and filing the notice at least 21 days prior to sale as provided by Applicable Law.  Lender shall mail a copy of the notice to Borrower in the manner prescribed by Applicable Law.

*Id.*

Defendant contends that Plaintiff has failed to state a claim for breach of contract because she has not tendered performance, the Deed and Texas Property Code contain no provision requiring actual receipt of the required notices, the statute is clear that Defendant need only file the required notice of sale with the county clerk – which it did in this case – and Plaintiff has failed to plead damages.  Doc. 5 at 10-12.  The elements necessary to sustain a breach of contract action include: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and, (4) damages sustained by the plaintiff as a result of the breach. *Southwell v. University of the Incarnate Word,* 974 S.W.2d 351, 354-55 (Tex. App.—San Antonio 1998, pet. denied) (citations omitted).  Here, Plaintiff has failed to state a claim for breach of contract.

Defendant is correct that the Deed, which is attached to and incorporated into Plaintiff's Petition, contains no provision requiring it to demonstrate actual receipt of the mandated pre-foreclosure notices.  The Deed instead only requires that Defendant "give notice" of the acceleration and transfer of the property.  *See* Doc. 1-3 at 25 & 27.  Under Texas law, "[s]ervice of notice is complete when the notice is sent via certified mail. . . . There is no requirement that [a plaintiff] receive the notice."  *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (citing Tex. Prop. Code § 51.002(e)); *see also Thompson v. Bank of Am., N.A.,* ___ F. Supp. 2d ___, 2014 WL 1373505, at *4 (N.D. Tex. Apr. 7, 2014).  That is, the contention that a plaintiff did not

receive actual notice under section 51.002, standing alone, "cannot state a claim for relief because Texas law only imposes a constructive-notice requirement." *Rodriguez v. Ocwen Loan Servicing, LLC,* 306 F. App'x 854, 856 (5th Cir. 2009). Here, Plaintiff only contends that she "has no recollection of receiving" the proper notice. Doc. 1-3 at 4. Plaintiff therefore has failed to state a claim for relief. *See Warren v. Bank of Am., N.A.,* No. 3:13-CV-1135-M, 2013 WL 8177096, at *7 (N.D. Tex. Nov. 15, 2013) (The plaintiff's "allegation that he did not 'receive' the default or acceleration notices listed in § 51.002(d) could not plausibly entitle him to relief because the Property Code imposes no such requirement."); *Wheeler v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 4:13-CV-364, 2013 WL 3965304, at *4 (S.D. Tex. Aug. 1, 2013) (granting motion to dismiss plaintiff's section 51.002(d) allegation that he "did not receive notice of the foreclosure sale in a timely manner, pursuant to Tex. Prop. Code § 51.002(d)" for failure to state a claim); *Gillespie v. BAC Home Loans Servicing, LP*, No. 4:11-CV-388-A, 2012 WL 1870923, at *5 (N.D. Tex. May 23, 2012) ("The mere allegation by plaintiffs that they did not receive notice does not show that [defendant] failed to comply with the statutory requirements.").

Similarly, Plaintiff fails to state a claim for breach of contract related to Defendant's alleged failure to establish that it had properly posted notice prior to the sale and recorded the notice in the office of the county clerk. Plaintiff incorporated in, and attached to, her Petition a "Notice of Substitute Trustee Sale" and a "Substitute Trustee's Deed" that establishes that all required notices were mailed, posted, and filed as required by law. *See* Doc. 1-3 at 4-5 & 42-44. This contradiction within her Petition negates a finding that Plaintiff has plausibly alleged facts to support a claim for breach of contract. *See Olufemi-Jones*, 2013 WL 1482544, at *5; *see also Olufemi-Jones*, 2013 WL

1482132, at *3; *Montgomery*, 2011 WL 1375199, at *3-*5.  Based on the foregoing, the court finds

that Plaintiff has failed to state a claim for relief for breach of contract.

### E.    Declaratory Relief

Defendant also moves to dismiss Plaintiff's request for declaratory relief.  The Declaratory

Judgment Act provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United
> States, upon the filing of an appropriate pleading, may declare the rights and other
> legal relations of any interested party seeking such declaration, whether or not
> further relief is or could be sought.

28 U.S.C. § 2201(a).  As the Fifth Circuit has stated:

> In order to demonstrate that a case or controversy exists to meet the Article III
> standing requirement when a plaintiff is seeking injunctive or declaratory relief, a
> plaintiff must allege facts from which it appears there is a substantial likelihood that
> he will suffer injury in the future.  Based on the facts alleged, there must be a
> substantial and continuing controversy between two adverse parties.  The plaintiff
> must allege facts from which the continuation of the dispute may be reasonably
> inferred.  Additionally, the continuing controversy may not be conjectural,
> hypothetical, or contingent; it must be real and immediate and create a definite,
> rather than speculative threat of future injury.
>
> Past exposure to illegal conduct does not itself show a present case or controversy
> regarding injunctive relief . . . if unaccompanied by any continuing, present adverse
> effects.  To obtain equitable relief for past wrongs, a plaintiff must demonstrate
> either continuing harm or a real and immediate threat of repeated injury in the future.
> Similar reasoning has been applied to suits for declaratory judgments.

*Bauer v. State of Texas,* 341 F.3d 352, 358 (5th Cir. 2003) (internal quotations marks and citations

omitted).  Texas and federal law require the existence of a justiciable case or controversy to grant

declaratory relief.  *Id.* at 357-58; *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex. 1995).

In a declaratory judgment action, the parties litigate the underlying claim, and the declaratory

judgment is merely a form of relief that the court may grant.  *See Collin Cnty., Tex. v. Homeowners*

*Ass'n for Values Essential to Neighborhoods, (HAVEN),* 915 F.2d 167, 171 (5th Cir. 1990). The court has determined that Plaintiff's claims will be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. Accordingly, there is no underlying claim for the court to adjudicate, and the court cannot declare a violation of the Texas Property Code or the Deed. Plaintiff alleges no other facts contesting Defendant's authority to conduct a nonjudicial foreclosure sale. Furthermore, Plaintiff does not allege any continuing controversy between the parties or the threat of injury in the future. The court thus determines that Plaintiff's request for declaratory relief should be denied.

### F.    Leave to Amend

Plaintiff did not file a response to Defendant's motion or request to amend her pleadings. Moreover, Defendant twice notified the court and, through the electronic filing system, Plaintiff, that no response had been filed. Docs. 7 & 8. Plaintiff has demonstrated no interest or desire to prosecute this case and appears to be indifferent. From what the court can determine, Plaintiff is unwilling or unable to amend her Petition in a manner that will avoid dismissal. The court therefore concludes Plaintiff has pleaded her best case and granting leave to amend would be futile and cause needless delay. Amendment will therefore not be permitted as to the grounds upon which Defendant moved for dismissal. *See Jacquez v. Procunier,* 801 F.2d 789, 792 (5th Cir.1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

### IV.    Conclusion

For the reasons herein stated, Plaintiff has failed to state a claim upon which relief can be granted and the court **grants** Defendant The Bank of New York Mellon's Motion to Dismiss and,

In the Alternative, Motion for Judgment on the Pleadings (Doc. 4).  The court will enter judgment

by separate document as required by Federal Rule of Civil Procedure 58.

      **It is so ordered** this 3rd day of July, 2014.


                                      Sam A. Lindsay
                                      United States District Judge