IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TEENA DIXON BY SHIRLEY HOLT**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4235-L** |
| | § | |
| **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, as Trustee for the Certificateholders of CWALT, Incc Alternative Loan Trust 2004-J5**, | § § § § § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Reconsider and to Vacate Order and Judgment of Dismissal (Doc. 11), filed July 31, 2014. After carefully reviewing the motion, record, and applicable law, the court **denies** Plaintiff's Motion to Reconsider and to Vacate Order and Judgment of Dismissal (Doc. 11).

**I.     Legal Standard for Relief under Fed. R. Civ. P. 59(e)**

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Shepherd v. Internaltional Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004). Such motions are analyzed under Rule 59(e) or Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) governs when a motion for reconsideration is filed within 28 days of the challenged judgment. Fed. R. Civ. P. 59(e); *Williams v. Thaler*, 602 F.3d 291,

**Memorandum Opinion and Order – Page 1**

303 (5th Cir.), *cert. denied*, 131 S. Ct. 506 (2010). Plaintiff filed her motion for reconsideration 28 days after the judgment was entered in this case on July 3, 2014.[*] Rule 59(e) therefore applies.

"Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Such motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *See generally* 11 C. WRIGHT, A. MILLER & M. KANE § 2810.1 at 127-28 (2d ed. 1995); *see also Simon*, 891 F.2d at 1159. When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

---

[*] Plaintiff alleges in her motion that the court ruled on Defendant's motion to dismiss on March 6, 2013. This statement appears to have been copied and pasted from another case. As Defendant's motion to dismiss was not filed under October 28, 2013, the court could not have ruled on it in March 2013.

**Memorandum Opinion and Order – Page 2**

**II.     Discussion**

On July 3, 2014, the court granted Defendant The Bank of New York Mellon's Motion to Dismiss and, In the Alternative, Motion for Judgment on the Pleadings (Doc. 4), filed October 28, 2013, dismissed Plaintiff's claim for failure to state a claim upon which relief could be granted, and entered judgment in favor of Defendant. In her motion for reconsideration, Plaintiff does not contend that she did not receive notice of Defendant's October 28, 2013 motion. Plaintiff instead asserts that her counsel has "no recollection of receiving an Order from the Court requiring that Plaintiff revise, modify or amend the pleadings." Pl.'s Mot. 1. Plaintiff further asserts that her attorney joined the board of directors of a nonprofit organization in January 2014, and since March of this year, has devoted a substantial amount of her time and practice to relief work. Plaintiff therefore maintains that any failure by her counsel "to have missed the Court's Order during this period was inadvertent." *Id.* at 2. The remainder of the motion for reconsideration simply includes arguments by Plaintiff that could have been included in a response to Defendant's October 28, 2013. Plaintiff maintains that while some of her claims may not survive summary judgment, she should not be precluded from developing her claims through discovery. Plaintiff also belatedly contends that she should be allowed to amend her pleadings.

Plaintiff did not receive an order requiring her to amend her pleadings because no such order was entered, and it was not incumbent upon the court to order Plaintiff to amend her pleadings in the absence of a request or motion by Plaintiff in this regard. Moreover, Defendant's motion to dismiss was filed two months before Plaintiff's counsel joined the board of a nonprofit organization. Prior to March 2014, the time when Plaintiff's counsel allegedly shifted the focus of her time and practice to relief work, Defendant also filed two notices of "No Response" by Plaintiff to the motion

**Memorandum Opinion and Order – Page 3**

to dismiss. The first notice was filed November 25, 2013 (Doc. 7). The second was filed February 4, 2014 (Doc. 8). The docket indicates that Plaintiff's counsel received notice via e-mail through the court's electronic filing system when Defendant filed its motion to dismiss and the two notices of "No Response."

Thus, Plaintiff had notice of not only Defendant's October 28, 2013 motion to dismiss but also the subsequent two notices of "No Response" by Plaintiff to the motion to dismiss. Despite these notices, Plaintiff did not seek leave to amend her pleadings or file a response to the motion to dismiss after the time for doing so had expired; nor did Plaintiff seek to an extension of time to obtain substitute counsel. It was not until after the action was dismissed with prejudice that Plaintiff attempted to assert any arguments in support of her claims and sought to amend her pleadings.

Further, Plaintiff's motion for reconsideration does not establish either a manifest error of law or fact or present newly discovered evidence. Plaintiff also fails to explain how she would amend her pleadings to correct the deficiencies noted in the court's July 3, 3014 opinion, and the court determines that any attempts by Plaintiff to amend would be futile. Accordingly, for all of these reasons, the court will deny Plaintiff's motion for reconsideration.

**III.   Conclusion**

For the reasons herein stated, the court **denies** Plaintiff's Motion to Reconsider and to Vacate Order and Judgment of Dismissal (Doc. 11).

**It is so ordered** this 1st day of August, 2014.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge